UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

_____

In re

        JOHN PICCIRILLI, INC.,

              Debtor.

_____

Proceeding under Chapter 11

Case No.: 21-60057

## DEBTOR'S MOTION FOR ENTRY OF ORDER AND FINAL DECREE CLOSING CHAPTER 11 CASE OF JOHN PICCIRILLI, INC.

John Piccirilli, Inc.  (the "Debtor"), the debtor, by and through its undersigned counsel, hereby files this motion (the "Motion") for entry of a final decree (a "Final Decree"), substantially in the form attached as **Exhibit A**, pursuant to section 350 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") closing the chapter 11 case of the Debtor.  In support of this Motion, the Debtor respectfully represent as follows:

### JURISDICTION

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105(a) and 350 of the Bankruptcy Code and Bankruptcy Rule 3022.

### BACKGROUND

4.      On January 28, 2021 (the "Petition Date"), the Debtor commenced a voluntary case under chapter 11 of title 11 of the Bankruptcy Code in this Court.  Additional information regarding the Debtor's business, capital structure, and the circumstances leading to this chapter 11 filing is set forth in more detail in the Small Business Debtor Plan of Reorganization under SubChapter V of the Chapter 11 of the Bankruptcy Code [Dkt. 83] (the "Plan"), which is incorporated herein by reference.

## Confirmation of Plan

5.　　On October 18, 2021, the Debtor filed its Second Amended Small Business Debtor Plan.

6.　　On February 9, 2022 the Court entered an Order Confirming Plan [Dkt. 104] (the "Confirmation Order").

7.　　The Plan became effective on February 9, 2022 (the "Effective Date").

8.　　The Debtor has commenced disbursements under the Plan and all professional fee claims of Debtor's counsel and the SubChapter V Trustee have been paid pursuant to the terms of the Plan, or in the case of Debtor's counsel, will be paid after Court approval.

9.　　The Debtor is prepared to continue to make all distributions it is required to make under the Plan and Confirmation Order.

## BASIS FOR RELIEF REQUESTED

10.　　Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." FED. R. BANKR. P. 3022. Furthermore, section 105 of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

11.　　The term "fully administered" is not defined in either the Bankruptcy Code or the Bankruptcy Rules. The Advisory Committee Note to Bankruptcy Rule 3022 (the "Advisory Committee Note"), however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

　　a.　whether the order confirming the plan has become final;

　　b.　whether deposits required by the plan have been distributed;

    c.    whether the property proposed by the plan to be transferred has been transferred;

    d.    whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

    e.    whether payouts under the plan have commenced; and

    f.    whether all motions, contested matters, and adversary proceedings have been finally resolved.

FED. R. BANKR. P. 3022.  Courts have adopted the view that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." *In re SLI, Inc.*, No. 02-12608, 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005); *see also In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999) (recognizing that bankruptcy courts weigh the factors contained in the Advisory Committee Note when deciding whether to close a case).

12.    In addition to the factors set forth in the Advisory Committee Note, courts have considered whether the plan of reorganization has been substantially consummated. *See, e.g., In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (considering substantial consummation as a factor in determining whether to close a case).

13.    The entry of a Final Decree is appropriate for the Debtor's chapter 11 case:

    a.    as stated above, the Plan became effective on February 9, 2022;

    b.    the Plan has been substantially consummated (a Statement That Plan Has Been Substantially Consummated and Motion for Final Decree is attached hereto as **Exhibit B**);

    c.    the Debtor will make all distributions and other payments required of it under the Plan; and

    d.    all adversary proceedings and contested matters have concluded.

14.    Pursuant to section 350(b) of the Bankruptcy Code, the Court retains jurisdiction to reopen the chapter 11 case for further administration in the unlikely event that the need to do so arises. The relief sought herein will not prejudice any other party in interest.

**Final Report**

15.     A final report (the "Final Report") is attached hereto as **Exhibit C**.

**Notice**

16.     No examiner or creditors' committee has been appointed in this chapter 11 case. Notice of this Application has been given to all parties on the mailing matrix maintained by the Bankruptcy Clerk.  The Debtor respectfully submits that no further notice of this Application is required.


        WHEREFORE, the Debtor respectfully requests entry of a final decree closing the chapter 11 case of John Piccirilli, Inc. pursuant to section 350 of Bankruptcy Code and Rule 3022 of the Bankruptcy Rules, on or before 35 days after service of this Motion, and granting such other and further relief as this Court deems just and proper.



Dated:  4/10/2023                          /s/Peter A. Orville
                                           Peter A. Orville, Attorney for Debtor
                                           ORVILLE & MCDONALD LAW, P.C.
                                           30 Riverside Drive
                                           Binghamton, NY  13905
                                           607-770-1007